SEDGWICK LLP
STEPHANIE A. SHERIDAN, State Bar No. 135910
*stephanie.sheridan@sedgwicklaw.com*
ANTHONY J. ANSCOMBE, State Bar No. 135883
*anthony.anscombe@sedgwicklaw.com*
MEEGAN B. BROOKS, State Bar No. 298570
*meegan.brooks@sedgwicklaw.com*
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: 415.781.7900
Facsimile: 415.781.2635

Attorneys for Defendants
J. Crew Group, Inc., J. Crew International, Inc., and Millard Drexler

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

DANA DELMAN, on behalf of herself and all others similarly situated,

Plaintiff,

v.

J. CREW GROUP, INC., J. CREW INTERNATIONAL, INC., and MILLARD DREXLER,

Defendants.

Case No. 2:16-cv-09219

The Hon. Michael W. Fitzgerald

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Date: Monday, May 8, 2017
Time: 10:00 a.m.
Crtm: 5A, First Street Courthouse



Sedgwick LLP

Defendants J. Crew Group, Inc., J. Crew International, Inc., and Millard Drexler (together, "J. Crew," or "Defendants") request that the Court take judicial notice, pursuant to Federal Rules of Evidence Rule 201, of the following documents in consideration of Defendants' concurrently-filed Memorandum of Points and Authorities in Support of its Motion to Dismiss the First Amended Complaint (FAC) of Plaintiff Dana Delman ("Plaintiff").

**Exhibit A**: The "About Us" page of J. Crew Factory's website, jcrewfactory.com.

**Exhibit B**: The product pages for items allegedly purchased by Plaintiff.

**Exhibit C**: Each page in the check-out process for jcrewfactory.com.

Under Federal Rules of Evidence Rule 201, a fact is judicially noticeable when it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. F.R.E. 201(b) (2015). Exhibits A through C are each pages from J. Crew Factory's website. "It is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir.2007)); *see also Matthews v. Nat'l Football Council*, 688 F.3d 1107, 1113 & n.5 (9th Cir. 2012); *Turner v. Samsung Telecommunications Am., LLC*, No. CV1300629MWFVBKX, 2013 WL 12126749, at *2 (C.D. Cal. Nov. 4, 2013); *Wible v. Aetna Life Ins. Co.,* 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (taking judicial notice of Amazon.com web pages and pages of the website of the American Academy of Allergy Asthma & Immunology); *Hendrickson v. EBay, Inc.*, 165 F. Supp. 2d 1082, 1084 (C.D. Cal. 2001) (taking judicial notice ofEBay.com website); *Datel Holdings Ltd. v. Microsoft Corp.,* 712 F.Supp.2d 974, 983-85 (N.D. Cal. 2010) (taking judicial notice of videogame screen shots and materials from defendant Microsoft's website). Because the contents of J. Crew Factory's website are publicly available and widely disseminated on the Internet, judicial

Sedgwick LLP

notice is proper.

Exhibits A through C are also judicially noticeable under the "incorporation by reference" doctrine. Under this doctrine, the court "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Plaintiff's entire lawsuit is based on her claim that J. Crew Factory's website is deceptive. (*See, e.g*. FAC ¶¶ 1-2.) The FAC claims that reasonable consumers would be deceived by the phrase "valued at" on the website (*see, e.g.* FAC ¶¶ 3-4), but offers little context for the phrase or her proposed interpretation of it. For example, Plaintiff alleges, "Defendants have set up the Factory Website to mimic a real factory, closeout or discount website so that customers are led to believe that the 'Valued At' price is the 'original' or 'previous' selling price of that item…" (*Id.* ¶ 18.)

The incorporation by reference doctrine was created for circumstances such as this: to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). For that reason, courts take judicial notice of the representations at issue in false advertising and unfair competition cases. *See McMahon v. Take-Two Interactive Software, Inc.*, No. EDCV 13–02032–VAP (SPx), 2014 WL 324008, *2 (C.D. Cal. Jan. 29, 2014) ("When a complaint alleges UCL and FAL claims, a court may take judicial notice of and consider 'advertising,' including product labeling and promotional announcements, [under the incorporation by reference doctrine] even where those materials are not attached to a complaint, because those documents are central to the UCL and FAL claims."); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012)("[H]aving based his allegations on the contents and

appearance of the Important Terms & Disclosure Statement, Davis can hardly complain when [Defendants] refer to the same information in their defense.") (internal quotations omitted); *Sperling v. Stein Mart, Inc. et al.*, case no. 5:15-cn-01411-BRO-KK, at *5 (C.D. Cal. Jan. 26, 2016) (taking judicial notice of price tags in deceptive pricing case where the complaint included allegations about information printed on the tags); *see also Koehler v. Litehouse, Inc.*, Case No. 12-cv-4055, 2012 WL 6217635, at *3 (N.D. Cal. Dec. 13, 2012) (the allegedly deceptive "statement must be read in context of the entire advertisement") (citing *Freeman v. Time*, Inc., 68 F.3d 285, 289 (9th Cir. 1995)).

Here, by claiming that J. Crew Factory's website is deceptive, Plaintiff has incorporated the entire website into the FAC. The pages attached as Exhibit A through C are particularly relevant. Exhibit A is the website's "About Us" page, which contradicts Plaintiff's claim that the site is intended to lead customers to believe that "valued at" prices are former prices (*see, e.g.* FAC ¶¶ 5, 18). Exhibit B includes the product pages for several of the items that Plaintiff allegedly purchased. (FAC ¶ 28.) Exhibit C includes screen shots of the Factory website's check-out process, which are part of the alleged contract that Plaintiff claims that Defendants breached, and which would have impacted Plaintiff's understanding of "valued at." (FAC ¶ 47 – "The purchases by Plaintiff and the Class constituted contracts between the parties.")

For the foregoing reasons, J. Crew respectfully requests that this Court take judicial notice of Exhibits A through C.

DATED: March 27, 2017

SEDGWICK LLP

By: /s/ *Stephanie Sheridan*
Stephanie Sheridan
Attorneys for Defendants
J. Crew Group, Inc., J. Crew International, Inc., and Millard Drexler

Sedgwick LLP